Case 3:18-cr-00039-RLY-CMM   Document 209   Filed 10/31/24   Page 1 of 6 PageID #: 1040

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 3:18-cr-00039-RLY-CMM-01 |
| Seroy Mobley | ) USM No: 08852-028 |
| Date of Original Judgment: 03/13/23 | ) |
| Date of Previous Amended Judgment: | ) Pro se |
| *(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   03/13/2023   shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 10/31/2024

*Judge's signature*

RICHARD L. YOUNG, Judge

Effective Date: _____
*(if different from order date)*

A CERTIFIED TRUE COPY
Kristine L. Seufert
U.S. District Court
Southern District of Indiana
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cr-00039-RLY-CMM |
| | ) | |
| SEROY MOBLEY, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO REDUCE SENTENCE AND MOTION TO CONSTRUE PENDING MOTION AS SECTION 2255 MOTION**

*Pro se* Defendant Seroy Mobley moves the court to reduce his sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines. (*See* Filing Nos. 197, 208). He also asks the court to construe his pending motion for compassionate release (Filing No. 197) as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Filing No. 207). The court addresses both motions below.

**I.      Discussion**

   **A.      Motion to Reduce Sentence Pursuant to Amendment 821**

In 2022, Mobley pleaded guilty to conspiracy to distribute methamphetamine and possession of a firearm by a convicted felon. (Filing No. 193, Judgment at 1; Filing No. 158, Change of Plea Hearing). He was assessed an offense level of 35. (Filing No. 184, Presentence Report ¶ 39). He received a subtotal criminal history score of 7. (*Id.* ¶ 62). He received two additional points for committing the offense while under a criminal justice sentence, making his total criminal history score 9. (*Id.* ¶¶ 63–64). This

1

score placed him in criminal history category IV. (*Id.* ¶ 64). The resulting guidelines range was 235 to 293 months. (*Id.* ¶ 109). The court ultimately sentenced Mobley to an aggregate term of imprisonment of 200 months. (Judgment at 2). Mobley now moves to reduce this sentence pursuant to Amendment 821.

    Under 18 U.S.C. § 3582(c)(2), the court may modify an imposed sentence of imprisonment to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines, including Amendment 821. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court then considers the sentencing factors set forth in 18 U.S.C. § 3553(a) in deciding whether and how to reduce the sentence. *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

    Mobley argues he is entitled to a sentence reduction under Part A of Amendment 821, which limits the overall impact of "status points" on certain offenders' criminal histories. U.S.S.G. § 4A1.1(e). Specifically, Part A reduces the number of status points assessed to a defendant from two points to either one point (if the defendant received seven or more criminal history points) or zero points (if the defendant received six or fewer criminal history points). *Id.*

    Mobley originally received two status points. (Presentence Report ¶ 63). Because he received a subtotal criminal history score of 7, he would now receive one status point pursuant to Part A, making his total criminal history score 8. (*Id.* ¶ 62); U.S.S.G.

2

§ 4A1.1(e). But this change in score would not affect Mobley's criminal history category or, therefore, his guidelines sentencing range. *See* U.S.S.G. ch. 5, pt. A, introductory cmt. (Sentencing Table) (showing criminal history score of 7, 8, or 9 places defendant in criminal history category IV). Because Part A does not lower Mobley's guidelines range, the court cannot reduce his sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B) (stating a sentence reduction is not authorized where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guidelines range").

### B. Motion to Construe Compassionate Release Motion as Section 2255 Motion

Mobley also moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Filing No. 197). However, he recently filed a motion requesting that his "current pending compassionate release motion . . . be construed as a Habeas Corpus Petition to challenge [his] sentence" under 28 U.S.C. § 2255. (Filing No. 207). He also requests time to file an "amended" § 2255 motion. (*Id.*). The court **GRANTS** Mobley's motion. As explained below, the court will treat Mobley's motion as a § 2255 motion and will give him time to amend this motion as he requested.

## II. Conclusion

Mobley's Motion to Have Current Pending Compassionate Release Motion Construed as § 2255 Petition (Filing No. 207) is **GRANTED**. Mobley's Motion to Reduce Sentence Pursuant to Amendment 821 (Filing No. 208) is **DENIED**. Although denied to the extent that it requests a sentence reduction pursuant to Amendment 821,

Mobley's motion (Filing No. 197) remains pending and will be construed as a § 2255 motion. Accordingly, the court **ORDERS** the following:

1. The **Clerk SHALL RENAME** Mobley's motion (Filing No. 197) as a motion to vacate, set aside, or correct sentence (2255).

2. The **Clerk SHALL OPEN** a new civil action in the Evansville Division and re-docket the motion (Filing No. 197) as Mobley's motion for relief pursuant to 28 U.S.C. § 2255.

3. The Nature of Suit of the new civil action will be 510 and the Cause of Action will be 28:2255.

4. Consistent with Rule 4 of the Rules Governing Section 2255 proceedings, this new civil action shall be assigned to Judge Richard L. Young, the sentencing judge.

5. A copy of this Entry shall be docketed in the newly opened civil action.

Additionally, Mobley is **GRANTED** leave to amend his § 2255 motion. He shall have through **November 29, 2024**, to file an amended motion.

**IT IS SO ORDERED** this 31st day of October 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically to Registered Counsel of Record.

4

Mail to:

Seroy Mobley
#08852-028
FMC Rochester
Federal Medical Center
P.O. Box 4000
Rochester, MN 55903